

**FILED**
**Aug 13, 2019**
**11:13 AM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



## TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT GRAY

| | | |
|---|---|---|
| **BIRTIE CLARK,** | ) | **Docket Number: 2019-02-0176** |
| **Employee,** | ) | |
| **v.** | ) | |
| **COOK OUT KINGSPORT, INC.,** | ) | **State File Number: 17061-2019** |
| **Employer,** | ) | |
| **And** | ) | |
| **AMERICAN COMPENSATION,** | ) | **Judge Brian K. Addington** |
| **Insurance Carrier.** | ) | |
| | ) | |

## EXPEDITED HEARING ORDER
## (DECISION ON THE RECORD)

Cook Out filed a Request for Expedited Hearing and asked the Court to deny Birtie Clark's claim for medical and temporary benefits. The Court reviewed the file and found it needed no additional information to determine whether Ms. Clark is likely to prevail at a hearing on the merits.[1] Because the evidence supports Cook Out's assertions, the Court denies Ms. Clark relief at this time.

### History of Claim

While Cook Out acknowledged that Ms. Clark sustained a compensable March 30, 2018 work injury, it denied through affidavits that Ms. Clark provided notice of a September 14, 2018 injury. It was not until after a February 2019 car wreck that Ms. Clark filed a Petition for Benefit Determination alleging a September 14, 2018 injury.

Cook Out argued that Ms. Clark never provided notice of a September 14, 2018 injury, and it has not paid any benefits on the claim. Also, she has not provided any affidavits or medical records to support her claim for benefits.

---

[1] The Court issued a docketing notice allowing the parties until August 12, 2019, to file objections or submit position statements. Ms. Clark did not respond.

1

## Findings of Fact and Conclusions of Law

To prevail at an expedited hearing, Ms. Clark must present sufficient evidence to show she is likely to prevail at a hearing on the merits. *See* Tenn. Code Ann. § 50-6-239(d)(1) (2018).

Here, the evidence shows Ms. Clark did not provide any affidavits or medical records to support a claim for benefits with a September 14, 2018 injury date. Cook Out provided affidavits that it received neither notice of a September 14, 2018 injury nor any medical records to support her claim. The Court holds Ms. Clark has not come forward with sufficient evidence to prove she is likely to succeed in proving she suffered a September 14, 2018 work injury that caused disablement and/or the need for medical treatment.

**IT IS, THEREFORE, ORDERED** as follows:

1. Ms. Clark's request for temporary and medical benefits is denied at this time.

2. This case is set for a Scheduling Hearing on **October 3, 2019, at 10:30 a.m. Eastern Time.** You must call 855-543-5044 to participate in the Hearing. Failure to call might result in a determination of the issues without your participation.

**ENTERED August 13, 2019.**

/s/Brian K. Addington
**Judge Brian K. Addington**
**Court of Workers' Compensation Claims**

2

## Appendix

**Exhibits/Technical Record**

1. Rockforde King's Affidavit
2. Jana Johnson's Affidavit
3. Rick McCormick's Affidavit
4. Request for Expedited Hearing
5. Dispute Certification Notice with Attachments
6. Petition for Benefit Determination

## CERTIFICATE OF SERVICE

I certify that a copy of the Order was sent as indicated on August 13, 2019.

| Name | Certified Mail | Email | Service sent to: |
|------|----------------|-------|------------------|
| Birtie Clark, Employee | X | | 114 Walker Street, Apt. 6 Kingsport, TN 37665 |
| Rockforde King, Attorney for Employer | | X | rking@emlaw.com |

Penny Shrum, Clerk of Court
Court of Workers' Compensation Claims
WC.CourtClerk@tn.gov

3



## Expedited Hearing Order Right to Appeal:

If you disagree with this Expedited Hearing Order, you may appeal to the Workers' Compensation Appeals Board. To appeal an expedited hearing order, you must:

1. Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within seven business days* of the date the expedited hearing order was filed. When filing the Notice of Appeal, you must serve a copy upon all parties.

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of the appeal.**

3. You bear the responsibility of ensuring a complete record on appeal. You may request from the court clerk the audio recording of the hearing for a $25.00 fee. If a transcript of the proceedings is to be filed, a licensed court reporter must prepare the transcript and file it with the court clerk *within ten business days* of the filing the Notice of Appeal. Alternatively, you may file a statement of the evidence prepared jointly by both parties *within ten business days* of the filing of the Notice of Appeal. The statement of the evidence must convey a complete and accurate account of the hearing. The Workers' Compensation Judge must approve the statement before the record is submitted to the Appeals Board. If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4. If you wish to file a position statement, you must file it with the court clerk within *ten business days* after the deadline to file a transcript or statement of the evidence. The party opposing the appeal may file a response with the court clerk *within ten business days* after you file your position statement. All position statements should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



# EXPEDITED HEARING NOTICE OF APPEAL

Tennessee Division of Workers' Compensation
www.tn.gov/labor-wfd/wcomp.shtml
wc.courtclerk@tn.gov
1-800-332-2667

Docket #: _____

State File #/YR: _____

**Employee** _____

v.

**Employer** _____

## Notice

Notice is given that _____

[List name(s) of all appealing party(ies) on separate sheet if necessary]

appeals the order(s) of the Court of Workers' Compensation Claims at _____

_____ to the Workers' Compensation Appeals

Board. [List the date(s) the order(s) was filed in the court clerk's office]

**Judge** _____

## Statement of the Issues

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

## Additional Information

**Type of Case** [Check the most appropriate item]

☐ Temporary disability benefits
☐ Medical benefits for current injury
☐ Medical benefits under prior order issued by the Court

## List of Parties

**Appellant (Requesting Party):** _____ At Hearing: ☐Employer ☐Employee

Address: _____

Party's Phone: _____ Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Address: _____ Phone: _____

Attorney's City, State & Zip code: _____

Attorney's Email: _____

*Attach an additional sheet for each additional Appellant*

Employee Name: _____  SF#: _____ DOI: _____

## Appellee(s)
**Appellee (Opposing Party):** _____ At Hearing: ☐ Employer ☐ Employee

Appellee's Address: _____

Appellee's Phone: _____ Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Address: _____ Phone: _____

Attorney's City, State & Zip code: _____

Attorney's Email: _____

*** Attach an additional sheet for each additional Appellee ***

## CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this
Expedited Hearing Notice of Appeal by First Class, United States Mail, postage prepaid, to all parties
and/or their attorneys in this case in accordance with Rule 0800-02-22.01(2) of the Tennessee Rules
of Board of Workers' Compensation Appeals on this the_____day of_____, 20___

[Signature of appellant or attorney for appellant] _____



**Tennessee Bureau of Workers' Compensation**
**220 French Landing Drive, I-B**
**Nashville, TN 37243-1002**
**800-332-2667**

### AFFIDAVIT OF INDIGENCY

I, _____, having been duly sworn according to law, make oath that because of my poverty, I am unable to bear the costs of this appeal and request that the filing fee to appeal be waived. The following facts support my poverty.

1. Full Name:_____     2. Address: _____

3. Telephone Number: _____     4. Date of Birth: _____

5. Names and Ages of All Dependents:

_____ Relationship: _____

_____ Relationship: _____

_____ Relationship: _____

_____ Relationship: _____

6. I am employed by: _____

My employer's address is: _____

My employer's phone number is: _____

7. My present monthly household income, after federal income and social security taxes are deducted, is:

$ _____

8. I receive or expect to receive money from the following sources:

| | | | |
|---|---|---|---|
| AFDC | $ _____ | per month | beginning _____ |
| SSI | $ _____ | per month | beginning _____ |
| Retirement | $ _____ | per month | beginning _____ |
| Disability | $ _____ | per month | beginning _____ |
| Unemployment | $ _____ | per month | beginning _____ |
| Worker's Comp. | $ _____ | per month | beginning _____ |
| Other | $ _____ | per month | beginning _____ |

9. My expenses are:

Rent/House Payment $ _____ per month    Medical/Dental  $ _____ per month

Groceries        $ _____ per month    Telephone      $ _____ per month

Electricity      $ _____ per month    School Supplies $ _____ per month

Water            $ _____ per month    Clothing       $ _____ per month

Gas              $ _____ per month    Child Care     $ _____ per month

Transportation   $ _____ per month    Child Support  $ _____ per month

Car              $ _____ per month

Other            $ _____ per month (describe: _____ )

10. Assets:

Automobile            $ _____        (FMV) _____

Checking/Savings Acct. $ _____

House                 $ _____        (FMV) _____

Other                 $ _____        Describe: _____

11. My debts are:

Amount Owed                    To Whom

_____        _____

_____        _____

_____        _____

_____        _____

**I hereby declare under the penalty of perjury that the foregoing answers are true, correct, and complete and that I am financially unable to pay the costs of this appeal.**

_____
APPELLANT

Sworn and subscribed before me, a notary public, this

_____ day of _____, 20_____.

_____
NOTARY PUBLIC

My Commission Expires:_____